# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| QUANTUSE JACE JOHNSON, | |
| Plaintiff, | |
| v. | 1:18-cv-575-WSD |
| STAR FREIGHT, LLC; MR. CHARLIE JOHNSON; MR. BRENDAN SMITH; and MS. LAURA REED, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John Larkins's Final Report and Recommendation [10] ("Final R&R) recommending granting Defendants Star Freight, LLC, Mr. Charlie Johnson, Mr. Brendan Smith, and Ms. Laura Reed's (collectively, "Defendants") Motion to Dismiss [4] (the "Motion").

## I. BACKGROUND

On February 6, 2018, Plaintiff Quantuse Jace Johnson ("Plaintiff") filed this action using the Court's *pro se* Employment Discrimination Complaint [1] against Defendants indicating he was alleging a claim for employment discrimination

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ([1] at 1). In the area of the form that instructs the plaintiff to identify the protected classification on which he was discriminated, however, Plaintiff selected "other" and specified he believes he was discriminated because he refused to perform a task that was unsafe under the Federal Motor Carrier Safety Administration Rules. (Id. at 6). Plaintiff does not allege any facts to suggest that his race, religion, gender, national origin, age, disability, or that his engagement in a protected activity, prompted the alleged discrimination.

On February 26, 2018, Defendants filed the Motion arguing Plaintiff's Complaint fails for lack of subject matter jurisdiction. ([4]). Defendants argue that Plaintiff's only recourse is with the United States Department of Labor ("DOL") because the grounds he alleges for his termination arise only from his refusal to perform unsafe tasks under the DOL's commercial motor vehicle safety regulations. Defendants point to the Surface Transportation Assistance Act ("STAA") as the source setting out an administrative procedure for aggrieved drivers of commercial motor vehicles like Plaintiff to challenge adverse employment actions based on the driver's refusal to operate a vehicle in violation of regulations. ([4.1] at 3-5; see also 49 U.S.C. § 31105(a)). Plaintiff argues, in response, that the Court does have subject matter jurisdiction because the STAA

gives the employee the option of filing a complaint with the Secretary of Labor or the court.  Plaintiff cites 49 U.S.C. § 31105(b), which provides that an employee "my file a complaint with the Secretary of Labor." ([8] at 3-4).  Plaintiff argues, in the alternative, that the Court has diversity jurisdiction.  (Id. at 4).

On April 26, 2018, the Magistrate Judge issued his Final R&R recommending that Defendant's Motion to Dismiss for lack of subject matter jurisdiction with leave to file an amended complaint asserting his state law claims and alleging the citizenship of all the parties in the action.  No objections to the Final R&R were filed.

## II. DISCUSSION

### A. Legal Standard

#### 1. Review of Magistrate Judge Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Because no objections to the Final R&R have been filed, the Court reviews the R&R for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

2. Motion to Dismiss

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. Fed. R. Civ. P. 12(b)(1). "A motion to dismiss for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) can be made in one of two ways: a facial attack or a factual attack." IVC US, Inc. v. Linden Bulk Transportation SW, LLC, No. 4:15-CV-0120-HLM, 2015 WL 13640506, at *4 (N.D. Ga. Nov. 6, 2015) (quoting Taylor v. Gazolio, Inc., No. 12-61151-Civ., 2012 WL 3683517, at *1 (S.D. Fla. Aug. 24, 2012)). "'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion.'" Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (first and second alterations in original) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). On a facial attack, a district court may properly consider extrinsic evidence, such as deposition testimony and affidavits, and make findings of fact. Id. "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id. (quoting Menchaca, 613 F.2d at 511). Here, the Magistrate

4

Judge concluded, and then evaluated, Defendants' Motion as a facial attack. ([10] at 6). The Court finds no plain error in this finding.

B. Analysis

The Magistrate Judge first concluded that, "even though Plaintiff indicated on [his] *pro se* complaint form that he is asserting a claim under Title VII, his claim does not involve alleged discrimination based on any protected class or retaliation for engaging in protected activity." ([10] at 6-7). The Magistrate Judge thus found that "Title VII—the only federal statute Johnson relies on in the complaint—is wholly inapplicable to this case." (Id. at 7). The Magistrate Judge also found that, to the extent Plaintiff alleges a claim based on his unlawful termination because of his refusal to operate a truck under unsafe conditions, Plaintiff was required to first pursue his claim administratively with the DOL. (Id.). The STAA provides a detailed, comprehensive administrative scheme under which claims such as Plaintiff's must be processed. 49 U.S.C. § 31105(b)(1). Only after various steps are followed, does the STAA allow an employee to bring an original action for *de novo* review in a federal district court. Id. § 31005(c). The Magistrate Judge ultimately concluded that Plaintiff "has alleged no facts to indicate that he exhausted his administrative remedies and that § 31105's jurisdictional prerequisites to filing suit in this Court were satisfied." ([10] at 11).

The Court finds no plain error in these findings and recommendations.

With respect to diversity jurisdiction, the Magistrate Judge found that Plaintiff's Complaint, as it stands now, fails to sufficiently allege diversity of citizenship, whether Plaintiff is asserting any state law claims, or the amount Plaintiff is claiming in damages, if any. ([10] at 12). The Magistrate Judge recommended, as a result, that Plaintiff be permitted to amend his complaint to assert any state law claims he might have as well as the citizenship of all the parties in the action. See Woldeab v. DeKalb Cty. Bd. of Educ. 885 F.3d 1289, 1291 (11th Cir. 2018) (holding that where a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one chance to amend the complaint before it can be dismissed with prejudice, unless the amendment would be futile or the plaintiff expressly declines to amend the complaint). The Court finds no plain error in this finding and recommendation.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John Larkins's Final Report and Recommendation [10] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED,** but that Plaintiff is granted leave to file an amended complaint

asserting his state law claims and sufficiently alleging citizenship of all parties to this action. This permission does not extend any applicable statute of limitations or bar any other defense or grounds to dismiss that may be available to Defendants.

**SO ORDERED** this 12th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE